IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| KEITH SLOTCAVAGE, | ) |
| | ) |
| Plaintiff | ) 1:23-CV-00325-RAL |
| | ) |
| vs. | ) SUSAN PARADISE BAXTER |
| | ) United States District Judge |
| WELLPATH HEALTHCARE, JANA | ) |
| SMITH, REGISTERED NURSE | ) RICHARD A. LANZILLO |
| SUPERVISOR; | ) Chief United States Magistrate Judge |
| | ) |
| Defendants | ) REPORT AND RECOMMENDATION FOR |
| | ) DISMISSAL WITH PREJUDICE FOR |
| | ) FAILURE TO STATE A CLAIM, OR |
| | ) ALTERNATIVELY, TO DISMISS |
| | ) WITHOUT PREJUDICE FOR FAILURE TO |
| | ) PROSECUTE |

## I.    Introduction

Keith Slotcavage ("Plaintiff") brings this brings this civil rights case alleging a violation of his Eighth Amendment rights. For the reasons explained below it will be recommended that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim for which relief can be granted, or alternatively, dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute his case.

## II.    Background and Procedural History

Plaintiff initiated this case on November 17, 2023, by lodging a Complaint without a motion for *in forma pauperis*. *See* ECF No. 1. On December 1, 2023, Plaintiff filed a motion to proceed *in forma pauperis* (ECF No. 3) which was denied without prejudice (ECF No. 6). Plaintiff filed a second motion for *in forma pauperis* (ECF No. 9) which was granted (ECF No. 13). Plaintiff's Complaint names only two Defendants:

    (1) Wellpath Healthcare; and

    (2) Jana Smith

ECF No. 1, p. 2.

To date, Defendants remain unserved. The crux of Plaintiff's allegation is that he sustained an injury to his arm and shoulder while shoveling snow at State Correctional Institute in Forest County ("SCI-Forest") on March 1, 2022. ECF No. 1. Plaintiff maintains that although he received x-rays, physical therapy, and painkillers, the pain from his injury was not alleviated. *Id.* Approximately fifteen months after he sustained his injury, a nurse informed him that he had a torn bicep muscle. *Id.* He was referred to Warren General Hospital where a physician told him that the tendon of his bicep had fused in place and that the injury should have been operated on shortly after it had occurred. *Id.* Plaintiff alleges this failure constitutes to cruel and unusual punishment and deliberate indifference to a serious medical need under the Eighth Amendment. Although Plaintiff has identified Wellpath Healthcare and Jana Smith as Defendants, the Complaint fails to allege facts to support the personal involvement of either Defendant. Aside from being identified in the Complaint's caption, neither Defendant is mentioned anywhere in the Complaint.

On August 26, 2024, pursuant to the Court's screening provisions under 28 U.S.C § 1915(e), Plaintiff was Ordered to file an Amended Complaint directing him to allege facts establishing personal involvement of the Defendants. Plaintiff failed to file an Amended Complaint and was Ordered to show cause for his failure. ECF No. 12. Plaintiff filed his original Complaint. ECF No. 14. Shortly thereafter, Wellpath filed for bankruptcy and the bankruptcy court imposed an automatic stay on all pending cases where Wellpath and/or its employees were named as defendants. ECF No. 16. The automatic stay was lifted, and on June 2, 2025, Plaintiff

was again Ordered to show cause for his failure to file an Amended Complaint or alternatively, to file his Amended Complaint. ECF No. 19. To date Plaintiff has not filed his response or Amended Complaint.

### III. Standard of Review

#### A. Legal Standard of screening authority under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (April 26, 1996), requires a district court to assess a civil complaint in which a prisoner proceeds *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). *See e.g., Sanchez v. Coleman*, 2014 WL 7392400, at *4 (W.D. Pa. Dec. 11, 2014); *Hill v. Carpenter*, 2011 WL 8899478, at *2 (M.D. Pa. Aug. 3, 2011), *report and recommendation adopted*, 2012 WL 3779364 (M.D. Pa. Aug. 30, 2012) (citing 28 U.S.C. § 1915(e)(2)(B)(ii) ("This Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials."). Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015).

A frivolous complaint is one which is either based upon an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination as to whether a complaint fails

to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

### B. Federal Rule of Civil Procedure 41(b) Legal Standard

In the alternative, a district court's authority to dismiss an action *sua sponte* for failure to prosecute or comply with a court order is derived from both Rule 41(b) of the Federal Rules of Civil Procedure and its inherent power and responsibility to manage its "own affairs so as to achieve the orderly and expeditious disposition of cases." *Qadr v. Overmyer*, 642 Fed. Appx. 100, 102 (3d Cir. 2016) (per curium) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case sua sponte under Rule 41(b)). A court is authorized to dismiss a civil action for failure to prosecute or comply with a court order, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Woods v. Malinowski*, 2018 WL 3999660, at *1 (W.D. Pa. July 18, 2018), *report and recommendation adopted as modified*, 2018 WL 3997344 (W.D. Pa. Aug. 21, 2018)).

A court's authority to dismiss extends past granting a motion by the defendant. In fact, "[u]nder Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." *Qadr*, 642 Fed. Appx. at 102 (per curium) (citing Fed. R. Civ. P. 41(b)); *see also Adams*, 29 F.3d at 871 (recognizing that a court can dismiss a case sua sponte under Rule 41(b)). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but

4

by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Qadr*, 642 Fed. Appx. at 102.

Decisions regarding dismissal of actions for failure to prosecute or comply with a court order rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, while broad, is governed by the following factors, commonly referred to as *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "In balancing the *Poulis* factors, [courts] do not [employ] a ... 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well-settled that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Id.* (internal citations and quotations omitted).

### IV. Discussion and Analysis

#### A. Dismissal for failure to state a claim pursuant to the Court's screening authority under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A

5

Under the screening authority granted by 28 U.S.C. § 1915(e)(2), a court must dismiss an *in forma pauperis* action if it fails to state a claim on which relief may be granted. In determining whether dismissal is appropriate, courts apply the same standard used to evaluate a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See D'Agostino*, 436 Fed. Appx. at 72.

In this case, Plaintiff alleges that prison medical personnel failed to adequately treat a torn bicep muscle he sustained while incarcerated, ultimately resulting in a missed opportunity for surgical repair. While Plaintiff claims this constitutes cruel and unusual punishment under the Eighth Amendment, his Complaint fails to state a claim for which relief may be granted because it does not include any factual allegations establishing the personal involvement of either named Defendant. Although the Defendants are listed in the caption, the body of the Complaint contains no reference to either party.

To survive screening under § 1915(e)(2)(B)(ii), a plaintiff must plead sufficient facts to show that each defendant was personally involved in the alleged constitutional violation. *See Muchler*, 624 Fed. Appx. at 797. Mere identification of a party in the caption, without more, does not meet this requirement. Plaintiff was ordered to file an Amended Complaint addressing this deficiency and was given multiple opportunities to do so. Despite being warned that failure to file an Amended Complaint would result in dismissal, Plaintiff did not correct the pleading defects or allege the required personal involvement.

Because Plaintiff's Complaint fails to state a cognizable Eighth Amendment claim and further amendment would be futile in light of his repeated failure to comply with the Court's orders and provide the necessary factual allegations, dismissal with prejudice under § 1915(e)(2)(B)(ii) is appropriate.

## B. Dismissal without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b)

The Court can alternatively dismiss this action without prejudice under Rule 45(b). In general, the Court is "required to consider and balance [the six *Poulis* factors] when deciding, *sua sponte*, to use dismissal as a sanction. When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Azubuko v. Bell Nat. Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007). Plaintiff's conduct in this case has made adjudication of the case impossible. Nevertheless, we will analyze the *Poulis* factors.

The first *Poulis* factor requires that the Court consider the party's personal responsibility. Plaintiff is proceeding pro se in this case. His status, however, does not excuse Plaintiff from his obligation to abide by Orders of the Court. The sole responsibility for meeting those obligations in this case is Plaintiff's. *Smith v. Pennsylvania Dep't of Corr.*, 2012 WL 4926808, at *2 (W.D. Pa. Oct. 16, 2012); citing *Briscoe*, 538 F.3d at 258-59 (a pro se plaintiff is personally responsible for the progress of his case and compliance with a court's orders.). Plaintiff has not met his obligations in this case because he did not properly respond to the Court's Orders directing him to file an Amended Complaint alleging facts to support personal involvement of the two named Defendants. Accordingly, we find that the first factor weighs in favor of dismissal.

The second *Poulis* factor requires that the Court consider whether Plaintiff's conduct has resulted in any prejudice to Defendants. Here, Defendants remain unserved, and so it could be argued that Defendants have not been prejudiced. However, to the extent that evidence may have been lost between the filing of the lawsuit in 2023 and now, the Defendants have the potential of being prejudiced by Plaintiff's delay. *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses'

memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."). On balance, we find the second factor neutral.

The third *Poulis* factor requires the Court to consider whether Plaintiff has exhibited a history of dilatoriness over the life of this case. *Adams*, 29 F.3d at 875 ("a party's problematic acts must be evaluated in light of its behavior over the life of the case."). "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Plaintiff has failed to comply with the three Orders and opportunities to file an Amended Complaint alleging a claim for which relief could be granted. Accordingly, we find the third factor weighs in favor of dismissal.

The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct was willful or in bad faith. In this context, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Plaintiff's failure to comply with four Court orders "demonstrate[s] a willful disregard for procedural rules and court directives." *Doss v. United States*, 2024 WL 759058, at *2 (W.D. Pa. Jan. 22, 2024), *report and recommendation adopted*, 2024 WL 757090 (W.D. Pa. Feb. 20, 2024). Plaintiff was warned in the Court's Order directing Plaintiff to file an Amended Complaint (ECF No. 11) and the subsequent show cause Order (ECF No. 12) that failure to comply would be construed as Plaintiff's decision to abandon his case resulting in recommendation of dismissal for failure to prosecute. Plaintiff responded by filing his original Complaint. ECF No. 14. In light of Plaintiff being provided with instructions on the deficiencies of his original Complaint at ECF No. 11, the Court construes Plaintiff's failure to respond as a deliberate choice. Accordingly, we find that the fourth factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. In general, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding pro se." *Lopez v. Cousins*, 435 Fed. Appx. 113, 116 (3d Cir. 2011); *Emerson*, 296 F.3d at 184. "This case presents such a situation [where the plaintiff's] status as a pro se litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion." *Carr v. Zahuronic*, 2022 WL 12073522, at *2 (W.D. Pa. Oct. 20, 2022). Further, Plaintiff is proceeding *in forma pauperis* in this case. Therefore, it is unlikely that monetary sanctions would be effective. Finally, Plaintiff's failure to respond to the Court's prior Orders leads to an inference that further orders would not be effective. Accordingly, we find that the fifth factor weighs in favor of dismissal because no other sanction would be effective.

The sixth and final *Poulis* factor requires the Court to consider the meritoriousness of the claim. A claim is deemed "meritorious" for the purposes of the *Poulis* analysis when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.3d at 870. To evaluate this factor, a court uses the standard for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263. Presently, Plaintiff's Complaint fails to allege any facts against the two named Defendants which support personal involvement or a claim for which relief can be granted. Accordingly, the Court finds this factor weighs in favor of dismissal.

Again, "no single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263 (quoting *Mindek*, 964 F.2d at

1373). Upon balancing the *Poulis* factors as they apply to this case, the Court finds those factors weigh in favor of dismissal of this action for lack of prosecution.

**V.   Recommendation**

Accordingly, it is respectfully recommended that:

(1)   This case be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. §1915A; or alternatively

(2)   This case be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(3)   The Clerk of Court be DIRECTED to CLOSE this case.

**VI.   Notice and Objections**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((b)(2), and Local Rule 72(D)(2), the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

DATED this 14th day of July 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE